978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald J. EMKE, Defendant-Appellant.
 No. 92-1035.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Gerald J. Emke, was convicted of four counts of mail fraud in 1988 involving false theft claims which were mailed to an insurance carrier for the loss of a non-existent Rabco boat. In September, 1989, the defendant moved to vacate or set aside his conviction and resulting sentence, pursuant to 28 U.S.C. § 2255, contending he should not have been sentenced under the 1987 sentencing guidelines; that the presentence report was incorrect; and that count IV of his conviction was illegal and erroneous.[1] After referring this case to a magistrate judge, the district court adopted the magistrate judge's report and recommendation on January 30, 1991, denying Emke any of the relief he sought by way of vacating, setting aside, or correcting the sentence imposed. This district court ruling was not appealed to this court.
 
 
 2
 In the meantime, Emke filed a "verified motion for new trial in pro per" on or about November 15, 1990, based upon assertions of ineffective assistance of counsel. In the alternative, Emke sought extension of a right to appeal his conviction and sentence imposed more than eighteen months previously.[2] In April of 1991, Emke filed an amended motion for new trial[3] based upon "newly discovered evidence" with an attached affidavit of Robert W. Patchett to the effect that Patchett purchased a Rabco Boat in Florida, and an affidavit of Betty Budwich that she observed two government witnesses taking notes at trial through the courtroom door. (Neither "affidavit" was acknowledged before a notary public nor was the Budwich "affidavit" dated; neither is a persuasive basis for relief). The magistrate judge, after reviewing the trial transcript, considered Emke's motions for new trial based upon ineffective assistance of counsel and upon newly discovered evidence and recommended denial of the motions on both grounds presented.
 
 
 3
 The district court adopted the magistrate judge's report. The district court indicated that the defendant's objections raised "matters not alleged in his motions." The court properly refused to consider such untimely and newly alleged matters in the objections, which were not included in the joint appendix. The district court adopted and agreed with the recommendation because he found that Emke's asserted grounds for such relief lacked merit. We find no error in this conclusion. See United States v. Seago, 930 F.2d 482 (6th Cir.1991); Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Finally, we note that Magistrate Judge Carlson's report indicated that Emke's motions for new trial are untimely. We conclude that this serves as an additional basis for affirming the judgment of the district court. (See n. 2 to the magistrate judge's report and recommendation.)
 
 
 5
 We have reviewed the submissions of the parties and the record carefully and AFFIRM the district court's decision for the reasons indicated.
 
 
 
 [1]
 Defendant Emke filed a late notice of appeal from his conviction and claimed the late filing was due to ineffective assistance of counsel. This appeal was dismissed for lack of jurisdiction by another panel of this court on August 31, 1990 (No. 90-1701). Thus, no direct appeal was taken
 
 
 [2]
 The sentence imposed was eighteen months, plus a two year supervised release period, plus a special assessment and restitution of $4,088. As a factual matter, setting aside the conviction and sentence under count IV would have made no difference in the concurrent sentences imposed by the district court
 
 
 [3]
 Emke did not file a motion for new trial within seven days after the trial as required by Fed.R.Crim.P. 33. Rule 33 also provides a motion for new trial based on newly discovered evidence must be filed within two years. This court, hereinafter, accepts the magistrate judge's recommendation that this action was untimely